UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-326 PA (AGRx) | Date | June 16, 2016 |
|---|---|---|---|
| Title | Daniel Thomas v. Bristol-Myers Squibb Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

On February 2, 2014, the Court entered an order granting Megan McKenzie's application to appear pro hac vice. The Court granted Munir R. Meghjee's application to appear pro hac vice on February 24, 2016. The applications of both Ms. McKenzie and Mr. Meghjee identified Gary L. Wilson as "local counsel." After a further review of those pro hac vice applications, Mr. Wilson, provided a Los Angeles, California address and a Minneapolis telephone number. The firm's website lists Mr. Wilson as a partner in the firm's Minneapolis office. The Court vacates the orders allowing Ms. McKenzie and Mr. Meghjee to appear pro hac vice as having been improvidently granted.

Applicants seeking to appear pro hac vice must designate local counsel. Specifically, Local Rule 83-2.1.3.4 provides:

> Every attorney seeking to appear pro hac vice must designate as Local Counsel an attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom documents may be served. An attorney may be designated as Local Counsel only if he or she: (1) is a member of the Bar of this Court; and (2) maintains an office within the District.

Local Rule 83-2.1.3.4.

As a result of the pro hac vice application listing a Los Angeles address for Mr. Wilson and Minneapolis phone number, it appears that Robbins Kaplan LLP, Ms. McKenzie, Mr. Meghjee, and Mr. Wilson may have violated the Local Rules and their duties of candor by attempting to obtain a pro hac vice admission by falsely designating "local counsel" who is not local. The Court orders Megan McKenzie, Munir R. Meghjee, and Gary L. Wilson to show cause in writing why they should not be sanctioned for willful, grossly negligent, reckless, or bad faith violations of the Local Rules and their duties of candor to the Court by misrepresenting where Mr. Wilson maintains an office. These sanctions may include monetary sanctions of up to $2,000.00 each, referral to the State Bar or the Court's Standing Committee on Discipline, or other lesser sanctions. Responses to this order to show cause shall be filed by no later than June 29, 2016. The responses to the order show cause shall include declarations filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-326 PA (AGRx) | Date | June 16, 2016 |
|---|---|---|---|
| Title | Daniel Thomas v. Bristol-Myers Squibb Co., et al. | | |

under penalty of perjury and Mr. Wilson's declaration shall include: (1) how many hours per week he physically spends in the Los Angeles office and when he first became resident in the Los Angeles office; (2) the name of the city in which he is a permanent resident; (3) copies of any letterhead, business cards, promotional materials, or website information with his Los Angeles address, and the date on which those materials were first created; and (4) a list of any other cases (including the title of the case and case number) filed in any United States District Court in California in which Mr. Wilson was designated as local counsel on behalf of the firm's out of state lawyers. The declarations of Ms. McKenzie and Mr. Meghjee shall include the basis upon which they declared under penalty of perjury that Mr. Wilson "maintains an office in the Central District of California for the practice of law, as local counsel pursuant to Local Rule 83-2.1.3.4."

IT IS SO ORDERED.